UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JEFF HARRIS, | |
| Petitioner, | |
| v. | CAUSE NO.: 4:23-CV-37-TLS-JEM |
| FRIENDS OF K4, LLC, | |
| Respondent. | |

**OPINION AND ORDER**

This matter is before the Court on its own motion on the issue of its subject matter jurisdiction. Federal courts are responsible for ensuring the parties have properly invoked federal subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Johnson v. U.S. Off. of Pers. Mgmt.*, 783 F.3d 655, 668 (7th Cir. 2015) ("[F]ederal courts have a duty to ensure that they possess subject-matter jurisdiction; they should not merely rely on the parties' assurances."). For the reasons explained below, Petitioner Jeff Harris is directed to file a supplemental jurisdictional statement demonstrating this Court's diversity jurisdiction and showing cause why this case should not be dismissed.

**BACKGROUND**

In his Amended Petition to Compel Arbitration [ECF No. 6], the Petitioner alleges this Court has diversity jurisdiction. The Petitioner asserts he "is a resident and citizen of Kentucky." Am. Pet. ¶ 3. He alleges that Respondent Friends of K4, LLC is a Delaware limited liability company "with its last business address" in Indiana. *Id.* ¶ 1. The Petitioner claims that he, Marci Burton, and Brent Creek were the "original members" of Friends of K4, LLC. *Id.* ¶ 2. The

Petitioner alleges that both Burton and Creek "reside" in Indiana. *Id.* Substantively, the Petitioner claims he is entitled to indemnification for certain costs because he is a member of Friends of K4, LLC. *Id.* ¶¶ 7–12.

## ANALYSIS

At this time, it appears that the Court does not have diversity jurisdiction in this case. Diversity jurisdiction exists "where the matter in controversy . . . is between . . . citizens of different States" and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). As the party seeking this Court's jurisdiction, the Petitioner bears the burden of proving subject matter jurisdiction exists. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) ("[T]he party seeking to invoke federal diversity jurisdiction . . . bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met."). The Petitioner has not demonstrated the existence of complete diversity of citizenship.

First, the Petitioner does not properly allege the citizenship of Friends of K4, LLC. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). If any members of the limited liability company are themselves limited liability companies, the citizenship of those members must be alleged as well. *Id.*; *see also West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020). The amended petition alleges that the Petitioner, Marci Burton, and Brent Creek were the "original members" of Friends of K4, LLC. *Id.* ¶ 2. However, the Petitioner fails to identify the *current* membership of Friends of K4, LLC at the time of filing the Petition to Compel Arbitration in this case. Furthermore, in the operating agreement, Vision Energy LLC is *also* listed as a member of Friends of K4, LLC. *See* Pet.'s Ex. B, § 3.5, ECF No. 6. Yet, the Petitioner does not address the citizenship of Vision Energy. Moreover, alleging that Friends of

2

K4, LLC is a Delaware company with a business address in Indiana is irrelevant for establishing diversity jurisdiction. *See Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006) (contrasting diversity jurisdiction requirements of corporations and limited liability companies); *Baymont Franchise Sys., Inc. v. Calu Hosp., LLC*, 113 F. Supp. 3d 1000, 1001 (N.D. Ill. 2015) (concluding that an LLC's principal place of business and state of organization was "irrelevant" for establishing diversity jurisdiction).

Second, based on the jurisdictional allegations before the Court, it appears that there is not complete diversity among the parties. The Petitioner, a citizen of Kentucky, alleges he is entitled to indemnification because he is a member of Friends of K4, LLC. *See* Am. Pet. ¶¶ 7, 11–12. If the Petitioner is a member of Friends of K4 LLC, then Friends of K4, LLC is also a citizen of Kentucky. *See Big Shoulders Cap. LLC v. San Luis & Rio Grande R.R., Inc.*, 13 F.4th 560, 565 (7th Cir. 2021) ("As a limited liability company, Iowa Pacific is the citizen of the states where its owning members are citizens."). If so, then there is not complete diversity. *See, e.g.*, *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) (concluding that no diversity jurisdiction existed when an Illinois corporation filed suit against an LLC whose members were citizens of Illinois); *Kroupa v. Garbus*, 583 F. Supp. 2d 949, 952 (N.D. Ill. 2008) (concluding there was no diversity jurisdiction when an LLC filed suit against its member because both the LLC and member were citizens of New York). The Petitioner must address whether the parties are diverse.

Third, the Petitioner merely alleges that Burton and Creek "reside" in Indiana. Am. Pet. ¶ 2. However, this is insufficient to establish citizenship of a natural person for purposes of diversity jurisdiction. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile . . .

3

."); *RTP LLC v. ORIX Real Est. Cap., Inc.*, 827 F.3d 689, 692 (7th Cir. 2016) ("Citizenship depends not on residence but on domicile, which means the place where a person intends to live in the long run. It is possible to reside in one state while planning to return to a long-term residence in another state."). Thus, allegations of merely residing in Indiana are insufficient.

Fourth, in the Civil Cover Sheet [ECF No. 1-1], the Petitioner asserted federal question jurisdiction based upon the Federal Arbitration Act ("FAA"). However, the FAA "confers federal jurisdiction in cases involving arbitration only of disputes that, were they litigated rather than arbitrated, would be within federal jurisdiction." *Wise*, 450 F.3d at 266 (citing 9 U.S.C. § 4; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983); *City of Chicago v. Comcast Cable Holdings, L.L.C.*, 384 F.3d 901, 904–05 (7th Cir. 2004)). As relevant here, Section 4 of the FAA "provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25 n.32; *see also* 9 U.S.C. § 4. Within the amended petition, the Petitioner recognizes that diversity of citizenship is also required. *See* Am. Pet. ¶ 4. Thus, to avoid any ambiguity, the Court will direct the Clerk of Court to amend the docket to reflect that jurisdiction is based upon diversity rather than federal question.

## CONCLUSION

Accordingly, the Court hereby ORDERS the Petitioner to FILE, on or before February 29, 2024, a supplemental jurisdictional statement resolving all jurisdictional deficiencies identified above and showing cause why this case should not be dismissed for lack of subject matter jurisdiction. Failure to do so will result in dismissal of this matter for lack of subject matter jurisdiction.

The Court DIRECTS the Clerk of Court to amend the CM/ECF docket to list "Jurisdiction" as "Diversity."

SO ORDERED on February 15, 2024.

                                             s/ Theresa L. Springmann
                                            JUDGE THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT