UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JEFF HARRIS, <br><br> Petitioner, <br><br> v. <br><br> FRIENDS OF K4, LLC, <br><br> Respondent. | CAUSE NO.: 4:23-CV-37-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court sua sponte on the issue of the Court's subject matter jurisdiction. As explained further below, the Court dismisses the case for lack of subject matter jurisdiction because the Petitioner has failed to demonstrate that the amount in controversy exceeds $75,000.

**PROCEDURAL AND FACTUAL BACKGROUND**

On May 5, 2023, Petitioner Jeff Harris filed a Petition to Compel Arbitration [ECF No. 1], and on June 1, 2023, he filed an Amended Petition to Compel Arbitration [ECF No. 6]. On June 12, 2023, the Respondent filed a Motion to Dismiss [ECF No. 8], which is fully briefed. In the course of reviewing those filings, the Court raised the issue of its subject matter jurisdiction and ordered a supplemental jurisdictional statement from the Petitioner. ECF No 23. On February 21, 2024, the Petitioner filed a Supplemental Jurisdictional Statement [ECF No. 24]. The Respondent filed a response [ECF No. 26] on March 7, 2024, and the Petitioner filed a reply [ECF No. 29] on March 22, 2024.

In the Supplemental Jurisdictional Statement, the Petitioner alleges he is a citizen of Kentucky and a former member of Respondent Friends of K4, LLC. *See* Supp. Jur. Stmt. ¶¶ 2–3,

ECF No. 24. He was removed as a member before the start of this lawsuit. *Id.* The Petitioner alleges that the Respondent's current members are Brent Creek, Marci Burton, and Vision Energy LLC. *Id.* ¶ 1. He alleges that Vision Energy LLC is a single-member limited liability company whose only member, J. Turner Hunt, is a citizen of New Mexico. *Id.* Brent Creek and Marci Burton are citizens of Indiana. *Id.*

In 2021, Marci Burton, Brent Creek, and J. Turner Hunt filed a civil action against the Petitioner in Ohio state court. Am. Pet. ¶ 8. They alleged that the Petitioner breached his duties while he was a member of the Respondent. *Id.* The Respondent was not a party to that prior litigation. *See id.* The claims in Ohio state court were referred to arbitration. *Id.* ¶ 9. During arbitration, the claims asserted against the Petitioner were resolved in his favor. *Id.* ¶ 10.

The Petitioner sought indemnification from the Respondent for his attorney's fees and expenses incurred in that litigation. *Id.* ¶ 12. The Respondent refused to indemnify him. *Id.* ¶ 13. The Petitioner then demanded that the Respondent arbitrate the dispute pursuant to the arbitration provision of the parties' LLC agreement. *Id.* ¶¶ 6, 14. Yet the Respondent refused to arbitrate the claim for indemnification. *Id.* ¶ 14.

In the instant litigation, the Petitioner alleges that he "incurred substantial attorney fees and litigation expenses in defending against the claims asserted against him" in the state court litigation. *Id.* ¶ 11. He alleges that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Id.* ¶ 4.

In its response to the Supplemental Jurisdictional Statement, the Respondent disputes the allegation that the Petitioner's damages exceed $75,000. *See* Resp. 5–6, ECF No. 26. In relevant part, the Respondent argues that the arbitration expenses did not exceed $75,000 and that the Petitioner's claim for attorney's fees and expenses are conclusory. *Id.* at 6. In reply, the

Petitioner states that he "has properly alleged more than $75,000, exclusive of interest and costs, are in controversy." *See* Reply 7, ECF No. 29.

## ANALYSIS

Even when the parties do not raise the issue of subject matter jurisdiction, the Court is "obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977); *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) ("[F]ederal courts, as courts of limited jurisdiction, must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction."). The burden of proof to demonstrate subject matter jurisdiction is on the party asserting jurisdiction. *Page*, 2 F.4th at 634 (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010)).

"The diversity statute, 28 U.S.C. § 1332, grants jurisdiction when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs." *Webb v. Fin. Indus. Regul. Auth., Inc.*, 889 F.3d 853, 856 (7th Cir. 2018); *see also* 9 U.S.C. § 4 (allowing an aggrieved party to petition any district court with jurisdiction under title 28 for an order compelling arbitration).[1] Although the parties are diverse, the Court finds that the Petitioner has not met his burden to demonstrate that the amount in controversy exceeds $75,000. Thus, this Court is without subject matter jurisdiction.

---

[1] However, the Federal Arbitration Act does not confer federal question jurisdiction. *See Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 266–67 (7th Cir. 2006) (citing 9 U.S.C. § 4; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983); *City of Chicago v. Comcast Cable Holdings, L.L.C.*, 384 F.3d 901, 904–05 (7th Cir. 2004)). In this case, the Petitioner relies solely upon diversity jurisdiction. *See* Amended Pet. ¶ 4.

A.  **Diversity of the Parties**

"Section 1332 requires complete diversity: no plaintiff may be a citizen of the same state as any defendant." *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989)). "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). If any members of the limited liability company are themselves limited liability companies, the citizenship of those members must be alleged as well. *Id.*; *see also West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020). The citizenship of a natural person "depends not on residence but on domicile, which means the place where a person intends to live in the long run." *RTP LLC v. ORIX Real Est. Cap., Inc.*, 827 F.3d 689, 692 (7th Cir. 2016). "Moreover, the well-established rule is that diversity of citizenship is assessed at the time the action is filed." *Perez v. Staples Cont. & Com. LLC*, 31 F.4th 560, 567 (7th Cir. 2022) (quoting *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (cleaned up)).

The Petitioner alleges that he is a citizen of Kentucky and has been since 2014, *see* Am. Pet. ¶ 1; Supp. Jur. Stmt. ¶ 1, which the Respondent does not dispute. The Respondent is a limited liability company. Am. Pet. ¶¶ 1–2; Supp. Jur. Stmt. ¶ 1. Although the Petitioner was previously a member of the Respondent, he was not a member at the time that this lawsuit was filed. *See* Supp. Jur. Stmt. ¶¶ 2–3; Resp. 1–2. The Respondent's members are Marci Burton and Brent Creek, who are Indiana citizens, and Vision Energy LLC, a limited liability company whose only member, J. Turner Hunt, is a citizen of New Mexico. *Id.* at 1. Further, the Petitioner has included substantial business records to support these allegations of citizenship. *See* ECF Nos. 24-1, 24-2, 24-3. Thus, as a limited liability company, the Respondent is a citizen of New

Mexico and Indiana. After reviewing the supplemental briefing, the Court finds that there is complete diversity of citizenship.

**B.     The Amount in Controversy**

However, the Court finds that the Petitioner has not met his burden to prove that the amount in controversy exceeds $75,000. As a result, this Court does not have diversity jurisdiction.

"To meet the amount-in-controversy requirement, a plaintiff suing in federal court must allege in good faith that 'the controversy entails a dispute over more than $75,000, exclusive of interests and costs.'" *Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023) (quoting *Page*, 2 F.4th 634). "If uncontested, the courts will accept the plaintiff's good faith allegation of the amount in controversy unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir. 1995) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (cleaned up)).

"However, where, as here, the defendant challenges the plaintiff's allegation of the amount in controversy, the plaintiff must support its assertion with competent proof." *McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (cleaned up)). "Competent proof means 'proof to a reasonable probability that jurisdiction exists.'" *Rexford Rand Corp.*, 58 F.3d at 1218 (quoting *NLFC, Inc. v. Devcom Mid–America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995)). "To satisfy this burden, a party must do more than 'point to the theoretical availability of certain categories of damages.'" *McMillian*, 567 F.3d at 844 (quoting *Am. Bankers Life Assur. of Florida v. Evans*, 319 F.3d 907, 909 (7th Cir. 2003)). "The plaintiff must prove the

5

'jurisdictional facts by a preponderance of the evidence.'" *Id.* (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)).

In this case, the Respondent disputes that the Petitioner's damages exceed $75,000. Although a bare denial would have been sufficient to "put the [Petitioner] to his proof," the Respondent has offered evidence to support its position. *Enbridge Pipelines (Ill.) L.L.C. v. Moore*, 633 F.3d 602, 605 (7th Cir. 2011) ("The cases do not appear to require more than a bare denial to put the plaintiff to his proof."). In support, the Respondent offers a copy of the final judgment from the Ohio state court that confirmed the arbitration award. Resp. at 18. This order shows that the state court awarded the Petitioner $55,779.26 for his arbitration fees, expenses, and arbitrator compensation. *Id.* The Respondent also argues that the Petitioner "provides no allocation of attorney fees and expenses" and that his "bald assertion of over $75,000 in fees and expenses . . . remains without explanation, itemization, allocation, or deduction for the $55,779.26 in the confirmed award of costs." *Id.* at 6. Thus, the Respondent argues that the Petitioner "failed to demonstrate an amount in controversy sufficient to sustain diversity jurisdiction." *Id.*

In reply, the Petitioner merely states that he "has properly alleged more than $75,000, exclusive of interest and costs, are in controversy." Reply at 7. The Petitioner argues that "[t]he attorney fees and other expenses subject to indemnification in this proceeding arose from more than three years of hard-fought litigation. They far exceed the $75,000 threshold." *Id.* But the Petitioner does not include any evidence in support of this allegation. Nor does he explain whether the Ohio state court awarded him his arbitration expenses. And the Petitioner does not explicitly state what his attorney's fees and expenses actually are. Instead, he merely claims that the controversy exceeds the sum of $75,000. *Id.*

6

Because the amount in controversy is disputed, the Petitioner needed to support his allegation with competent proof. *See McMillian*, 567 F.3d at 844. He has failed to do so. Further, based on the procedural posture of this case, the Petitioner cannot merely rely on his pleadings to demonstrate the amount in controversy.[2] *Id.* at 845 ("Indeed, in their supplemental brief, the plaintiffs rest their entire argument concerning amount in controversy on the allegations contained in their complaint. However, as we previously stated, when the amount in controversy is contested, the parties asserting federal jurisdiction must come forward with competent proof that they have satisfied the jurisdictional threshold and not simply point to the theoretical possibility of recovery for certain categories of damages."); *see also Banks v. Preston Humphrey, LLC*, 609 F. App'x 351, 353 (7th Cir. 2015) (concluding that the plaintiff could not rely on his complaint alone to prove damages when the amount was disputed). Thus, the Petitioner cannot merely rely upon his allegations to demonstrate the amount in controversy.

There is no diversity jurisdiction because the Petitioner failed to establish that his damages exceed $75,000. Thus, this Court is without subject matter jurisdiction.

---

[2] The Court directed the Petitioner to "file a supplemental jurisdictional statement *demonstrating* this Court's diversity jurisdiction and showing cause why this case should not be dismissed." *See* Op. & Order at 1, ECF No. 23 (emphasis added). In its response, the Respondent argued that the Petitioner's Supplemental Jurisdictional Statement failed to demonstrate that the amount in controversy exceeds $75,000. *See* Resp. at 5–6. "A question as to the court's jurisdiction can be raised at any time." *Sullivan v. Lemoncello*, 36 F.3d 676, 682 (7th Cir. 1994). The Court granted the Petitioner an extension of time to address the issues raised in the response brief. *See* Order, ECF No. 28. Thus, the Petitioner cannot merely rely on his allegations to demonstrate the amount in controversy. *See McMillian*, 567 F.3d at 844.

## CONCLUSION

For these reasons, the Court hereby DISMISSES this case without prejudice for lack of subject matter jurisdiction. The Court DENIES as moot the Motion to Dismiss Amended Petition to Compel Arbitration [ECF No. 8], the Motion and Memorandum To File a Reply Out of Time [ECF No. 12], and the Motion to Strike [ECF No. 14].

SO ORDERED on April 1, 2024.

                                               s/ Theresa L. Springmann
                                              JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT